IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| LAURA LAWTON, a single person<br><br>Plaintiff,<br><br>vs.<br><br>SKYWEST AIRLINES, INC., a foreign profit corporation;<br><br>Defendant. | NO. 23202797-32<br><br>COMPLAINT |

COMES NOW Plaintiff, Laura Lawton, by and through her attorney of record, Maurer Law, PLLC, and complains and alleges the following.

### I.    JURISDICTION AND VENUE

1.1    At all times relevant hereto Plaintiff was a resident of Spokane County, Washington.

1.2    At all times relevant hereto Defendant Skywest Airlines, Inc., was a foreign corporation operating in Spokane County, Washington.

1.3    The allegations of negligence alleged herein occurred in Spokane County, Washington.

COMPLAINT - 1



MAURER LAW
1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

## II.  PARTIES

The Plaintiff reallages the preceding paragraphs and additionally alleges and avers the following:

2.1   Plaintiff is a single woman who is a resident of Spokane County, Washington.

2.2   Defendant is a Foreign for profit corporation doing business in Spokane County, Washington.

## III.  FACTS AND NEGLIGENCE

The Plaintiff realleges the preceding paragraphs and additionally alleges and avers the following:

3.1   On or about November 27, 2021, Laura Lawton was departing Spokane International Airport, bound for Hawaii.

3.2   Ms. Lawton's was scheduled to fly first class to Los Angeles, California and then to the Maui, Hawaii.

3.3   The flight was booked through Alaska Airlines, an airline which Ms. Lawton enjoys MVP Gold Membership status.

3.4   The flight from Spokane to Los Angeles was operated by Skywest Airlines, Inc.

3.5   Skywest Airlines, Inc. is a Common Carrier under Washington State Law.

3.6   At the Gate for the subject flight, passengers were advised that they would be boarding the plane from outside.

3.7   At the time the flight was scheduled, the weather in Spokane, Washington was cold.

3.8   In the days preceding the subject incident, it had snowed in the Spokane, Washington area and there was standing snow and ice which had accumulated on the tarmac.

3.9   Passengers of the subject flight traversed the outdoor area of the tarmac where the plane was parked in order to board the aircraft.

3.10   As passengers boarded the aircraft they tracked snow, ice, and other debris into the fuselage.

COMPLAINT - 2



1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

3.11 As passengers were boarding the aircraft, moisture began to accumulate on floor in the entry way and in the common areas of the aircraft.

3.12 Defendant made no attempt to clean or dry the common areas where moisture had accumulated.

3.13 After sitting in her assigned seat, Ms. Lawton stood in order to retrieve an item from her luggage, stored in the overhead storage compartments located above her seat.

3.14 As she was standing to access the overhead storage compartment, her foot came in contact with a rubber flooring which was adjoining the carpeted seating area.

3.15 The rubber flooring had accumulated moisture from foot traffic as passengers and employees boarded the plane.

3.16 Ms. Lawton's foot slipped on the wet flooring, and she fell causing significant injury.

3.17 Defendant owed Plaintiff a duty of care.

3.18 Defendant's duty to Plaintiff included the duty to exercise the highest degree of care consistent with the practical operation of the type of transportation and its business as a common carrier.

3.19 On November 27, 2021, Defendant breached its duty of care to Laura Lawton when it failed to maintain its aircraft in a reasonably safe condition for passengers.

3.20 As a direct and proximate cause of Defendant's negligence the Plaintiff suffered damages.

## IV. DAMAGES

The Plaintiff realleges the preceding paragraphs and additionally alleges and avers the following:

4.1 As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered damages and is entitled to be compensated for her damages.

COMPLAINT - 3



1604 West Dean
Spokane, Washington 99201
(509) 838-9111

4.2 As a direct and proximate result of the negligence alleged herein Plaintiff has incurred and will continue to incur medical expenses and other out of pocket expenses and is entitled to be compensated therefore.

4.3 As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered and will continue to suffer severe physical pain and suffering and is entitled to be compensated therefore.

4.4 As a direct and proximate result of the negligence alleged herein, Plaintiff has suffered and will continue to suffer from severe anxiety and mental and emotional stress.

4.5 As a direct and proximate result of the negligence alleged herein, Plaintiff incurred property damage and is entitled to be compensated therefore.

4.6 Plaintiff is entitled to her attorney fees.

4.7 Plaintiff is entitled to prejudgment interest on all medical and out of pocket expenses directly and proximately caused by the negligence alleged herein.

4.8 Plaintiff is entitled to costs and disbursements herein.

## V. RELIEF SOUGHT

5.1 For an award of damages compensating Plaintiff for physical injuries in an amount to be proved at trial.

5.2 For an award of damages compensating Plaintiff for past and future medical and out of pocket expenses, in an amount to be proved at trial.

5.3 For an award of damages compensating Plaintiff for past and future pain and suffering in an amount to be proved at trial

5.4 For an award of damages compensating Plaintiff for past and future mental and emotional distress in an amount to be proved at trial.

5.5 For an award of damages compensating Plaintiff for property damage in an amount to be proved at trial.

5.6 For an award of the Plaintiff's attorney fees herein in an amount to be proved at trial.

COMPLAINT - 4

MAURER LAW
1604 West Dean
Spokane, Washington 99201
(509) 838 - 9111

JUL 17 2023

5.7 For an award of prejudgment interest on all medical and out of pocket expenses directly and proximately caused by the negligence herein in an amount to be proved at trial.

5.8 For an award of damages compensating Plaintiff for costs and disbursements herein in an amount to be proved at trial.

5.9 For such other and further relief as the court deems just and equitable.

DATED this 13th day of July, 2023.

_____
Joshua Maurer, WSBA #39353
Attorney for Plaintiff

COMPLAINT - 5



1604 West Dean
Spokane, Washington 99201
(509) 838-9111