FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 08, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAURA LAWTON, a single person,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SKYWEST AIRLINES INC., a foreign profit corporation,<br><br>　　　　Defendant. | No. 2:23-CV-00220-SAB<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |

　　　Before the Court is Defendant SkyWest Airlines, Inc.'s Motion for Summary Judgment, ECF No. 11. Plaintiff is represented by Joshua Maurer. Defendant is represented by Aaron Bigby and Melissa Daniels. The motion was considered without oral argument.

　　　After reviewing the briefing, caselaw, and parties' arguments, the Court **DENIES** summary judgment.

//
//
//
//
//
//

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT *1**

## I.   MOTION STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## II.   BACKGROUND

The above-captioned case was filed in Spokane Superior Court and removed to federal court on August 4, 2023, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447.

On November 27, 2021, Plaintiff was at the Spokane International Airport

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT *2**

boarding an Alaska Airlines flight operated by SkyWest Airlines. The flight boarded outside on the tarmac, and the weather that day was cold. It had recently snowed, and moisture and deicing pellets from passengers' shoes accumulated on the floor of the airplane as they boarded. While standing to retrieve an item from her bag during boarding, Plaintiff fell, causing injury.

Plaintiff alleges Defendant SkyWest failed to maintain a reasonably safe environment on the aircraft, causing her injury. She brings a claim for negligence, and seeks damages for (1) medical expenses, (2) out of pocket expenses, (3) physical pain and suffering, (4) severe anxiety, (5) mental and emotional stress, and (6) property damage.

### III.   DISCUSSION

Plaintiff claims Defendant acted negligently in failing to maintain a safe environment for passengers while boarding. To prove her case, she must show (1) Defendant owed a duty to the public, (2) that Defendant breached that duty, (3) the breach actually and proximately caused Plaintiff's injury, and (4) Plaintiff suffered damages as a result. *See Tincani v. Inland Empire Zoological Soc'y*, 124 Wash. 2d 121, 127–28 (1994). A common carrier, like an airline, owes the highest duty of care. *See Price v. Kitsap Transit*, 125 Wash. 2d 456, 465 (1994).

Defendant argues Plaintiff cannot prove negligence because she failed to provide direct evidence that the floor of the airplane was slippery and caused her fall. Without such evidence, she cannot prove Defendant breached a duty of care to its passengers, including her.

Plaintiff disputes the lack of evidence. She points to witness testimony and carrier guidelines provided to Defendant's staff to show Defendant knew of the hazardous condition and breached their duty of care by failing to implement a policy to keep the floors safe during inclement weather. Further, she provides the testimony of flight attendants and her partner on the incident flight as supporting evidence the floor was slippery at the time of her fall.

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT *3**

Several issues of disputed material fact exist in this case, making summary judgment inappropriate.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant SkyWest Airlines, Inc.'s Motion for Summary Judgment, ECF No. 11, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 8th day of May 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT *4**